[No. 6680.]

## BYRAM ET AL. v. THE PEOPLE.

1. **Criminal Law—Corpus Delicti—**Upon the trial of an indictment or information for homicide, the people must show beyond reasonable doubt that the deceased came to his death by the criminal act of some person, and not as the result of accident, or natural causes.—(534)

The evidence may be direct or circumstantial.—(534)

2. ——**Evidence — Admissions of Prisoner —** The voluntary statement of the prisoner to an officer that, at the time of the homicide charged, he was at a particular place named, is not a confession.—(535)

The officer may testify to such statement, though the prisoner was not cautioned that his statements may be used against him.—(535)

3. —— **Stenographer's Notes of Preliminary Examination,** are not admissible to contradict the testimony of a witness given upon the trial, where it is not made to appear that the questions propounded at the preliminary hearing referred to the particular time to which the witness testified on the trial.—(536, 537)

4. ——**Best Evidence—Secondary—Witness to Contents of a Newspaper—**The prisoner having testified as to the date of the publication in the newspapers, of a certain homicide, witnesses who had examined the files of the various newspapers of the city may, in contradiction of such testimony of the prisoner, testify as to the result of such examination.—(537)

*Error to Denver District Court*—Hon. HARRY C. RIDDLE, Judge.

Mr. WILLIAM YOUNG, Mr. O. N. HILTON and Mr. CÆSAR A. ROBERTS for plantiffs in error.

Hon. JOHN T. BARNETT, attorney general, and Mr. GEORGE H. THORNE for the people.

Mr. JUSTICE HILL delivered the opinion of the court:

The plaintiffs in error were convicted of murder in the second degree, and from a sentence accordingly have brought the case here for review upon error.

Counsel's main contention is that the *corpus delicti* was not proved, and they set forth, with great pains and at considerable length, parts of the evidence which they contend establish that fact. We concede that the *corpus delicti* in all cases of homicide must be proven beyond a reasonable doubt, either by direct or circumstantial evidence; where there is no sufficient proof of crime there can be no legal criminality.—*McBride v. The People,* 5 Col. App. 91.

Counsel lay down the rule that the evidence must be sufficient to establish that the death of the deceased was produced by the criminal act of some person, and was not the result of accident or natural causes; we agree that this must be established by evidence to the satisfaction of the jury, beyond a reasonable doubt.

The evidence was circumstantial, but conflicting to a slight extent only; and it would be a useless expenditure of time and labor to state its substance in detail in order to thereby present the facts upon which the jury were justified in arriving at their verdict. It is sufficient to say, that, after a careful reading of the entire record, we feel confident in holding that the evidence is sufficient to justify the verdict and that the *corpus delicti* was sufficiently proven to

bring it within the rules of any of the authorities cited; to our minds, it is sufficient to justify the finding necessary to constitute the two compound parts challenged, (1) death as the result, (2) the criminal agency of another as a means. The question of the deceased coming to her death from accident or natural causes, was substantially covered by the instructions to the jury, and there is competent evidence to sustain their finding on this question.

Error is also claimed in the admission of the alleged confessions by the defendants. An examination of the record fails to disclose that either of them made a confession. The evidence complained of was that of the officers of the city of Denver in testifying to statements made to them by the defendants that they were at a certain "other" place when the crime was committed. This is in no sense a confession.— 3 Ency. of Evidence, 298. Also, the defendants took the stand at the trial and repeated the same story as made to the officers. Even if these statements came within the rule covering confessions, there was no error committed in their admission. After their arrest, the defendants were separately interrogated as to their whereabouts during the night of the alleged assault; they both answered that at about 11:30 that night they went to a camp wagon located on a vacant lot near the corner of 21st and Lawrence streets, where they slept until after daylight the next morning. The place of the homicide was at 1919 Lawrence street, about two blocks from this vacant lot.

At the trial, counsel objected to the admission in evidence of this conversation between the defendants and the officers; the jury were withdrawn and counsel were permitted to examine the officials to the facts and circumstances under which the statements were made. This examination disclosed that the statements of the defendants to the officers were in every

way purely voluntary. It is true, the defendants were not cautioned or told that the statements might be used against them at the trial; on the other hand, no threats or promises were made, nor were any inducements held out to them to make the statements. This comes clearly within the rule laid down by this court in case No. 6906, *Reagan v. The People, ante,* 316, wherein such testimony was held competent. We find no prejudicial error in the admission of this evidence.

The third assignment urged pertains to the refusal of the court to allow the defendants to introduce in evidence a part of the extended notes of the testimony taken by a stenographer at the coroner's inquest, for the purpose of showing that certain witnesses had testified there differently than at the trial. This was objected to by the district attorney for the reasons: (1) that it does not show that the questions asked the witnesses covered the particular time testified to by them at the trial; (2) that the coroner could not testify as to the correctness of the stenographer's extended notes, nor could he remember (after having his memory refreshed), that the statements set forth in the extended notes were as given by the witnesses; (3) that it had not been shown that the stenographer had been sworn, as required by the statutes. The trial court, in passing upon this subject, said:

"The Court: The record may show that this ruling is upon the ground that no foundation has been laid, showing that the question concerning that particular hour was propounded to either one of the witnesses suggested by counsel.

"Counsel: That question was asked directly to the witness Minnie Gardner and also Cricket Taylor.

"The Court: The Court is now speaking with reference to the Coroner's inquest; not this particular hearing. That is, the witnesses simply answered the

questions that were propounded to them, but there is nothing in the record to show that any such question was asked either one of these witnesses. For that reason it cannot be used for impeachment.''

We think the ruling of the court correct, and that a sufficient foundation had not been laid to establish that the testimony taken at the inquest would tend to impeach the testimony of the witness at the trial. This makes unnecessary any ruling as to whether, in a proper case, the extended notes of a stenographer are competent for that purpose, when the records fail to disclose that the stenographer had been sworn, as provided for by the act of 1907.

The next assignments urged, being the eighth and the ninth, pertain to the testimony of two newspaper reporters, offered in rebuttal to the testimony of the defendant James Byram, that the publication in certain newspapers pertaining to the murder of Delia Davoren were upon a certain date. These reporters testified as to their employment and examination of the files of their respective papers of that date, and we think from such examination their evidence was competent for the purposes offered.

The eleventh to twenty-second assignments of error in the briefs, although not urged in the oral argument, pertain to the instructions given and refused; all of which have been given careful consideration. The substance of the most of those refused was embodied in others given; some had no evidence to support them and should not have been given. We think the evidence sufficient to justify those given. We find no prejudicial error in the matter of instructions given or refused.

The judgment is affirmed.          *Affirmed.*

Chief Justice Campbell and Mr. Justice Gabbert concur.